HART *against* TEN EYCK and others.

In an *order of reference* to a master, the defendant may be directed to produce before the master, on oath, all *books, papers*, &c. in his custody or power, and may be examined, on oath, upon such interrogatories as the master may direct, relative to the transactions set forth in the pleadings.

MOTION on the part of the defendants, to strike out the following part of the decretal order of the 5th of last *May*, viz.:—"And that, for the better taking the said account, and discovery of, and concerning the several matters aforesaid, the parties shall produce before the said master, on *oath, all books, papers, and writings, in their custody or power, or in the custody or power of any of them, relating thereto, and shall be examined upon interrogatories as the said master shall direct;" or that the order be so modified as to require the production of such books and papers only as are expressly referred to and admitted in the defendant's answer.

*Woodworth*, and *Van Buren*, (attorney-general,) for the motion.

*Henry*, and *Van Vechten*, contra.

*For* the motion, it was contended, that the order went beyond the decree in the Court of Errors,† to which this Court ought to conform ; and that it was, also, contrary to the principles of the Court, by which a party in interest cannot be examined on oath, nor compelled to produce papers under oath. It was observed, further, that the disclosures of a defendant in interest, must, at any rate, be required by the bill, and given in the answer ; and that a party in interest is not to be examined on interrogatories before hearing. It was admitted by one of the counsel for the motion, that after hearing, and when an account is to be taken, the parties may, by order of the Court, be examined on oath touching such account, but the examination of the party is to be confined to the *items* of the account, and cannot, and ought not to be extended to the several matters in respect to which a reference was, by the decree of the Court above, directed to be made, because the Court has not passed on the merit of those matters.

*July* 19th.

[ * 514 ]

† On appeal from the decree in this cause, *ante*, p. 62. 122.

1817.

HART
v.
TEN EYCK.

[*515]

The counsel for the defendants cited 1 *Johns. Ch. Rep.* 189. 2 *Fowler's Ex. Prac.* 251. *Bohun's Cur. Can.* 244. 305. *Wyatt's P. R.* 161. 169. *Hinde's Pr.* 356. 2 *Madd. Ch.* 316. *Amb.* 583. 1 *Vesey,* 451. 2 *Vesey,* 222. *Dicken's Rep.* 382. 800. 8 *Vesey,* 159. 2 *P. Wms.* 409. 3 *P. Wms.* 35.

*Against* the motion, it was urged to be the general and settled practice of the Court, to require parties to be examined on oath, in cases of reference to a master, and that the party, in matters of account, can clear himself by his own oath, as to charges under 40*s.* (*Remsen* v. *Remsen,* ante, 495.) That discovery from the party, as to matters resting in account was one great basis of the jurisdiction of the Court. That he cannot protect himself from discovery, on the ground of interest, but only on the ground that the discovery would expose him to penalties or criminal prosecution. That the objection to discovery must be special and personal in its nature; and if a discovery would contradict the answer, and thereby criminate the party, he might raise that as an objection, and it would be good. That the disclosure is essential in cases of trust, and it would be monstrous to allow a trustee to shield himself from disclosing every matter relating to his trust; and that none of the cases cited on the other side were cases of trust.

The counsel for the plaintiff cited 1 *Harr. Prec.* 201. (8 edit.) *Turn. Prac.* 111. 2 *Fonb.* 484. (*n. e.*) *Wyatt,* 198.

THE CHANCELLOR. It was admitted by one of the counsel, in support of the motion, as a settled point, that on references to take and state an account, the Court may direct the parties to be examined on oath, by the master. This appears to be the long-established practice of the Court; and it is considered, in the books, as a thing very much of course. Thus, in *Purcell* v. *M'Namara,* (17 *Vesey,* 434.) Lord *Eldon* considered it as the usual direction, to examine the parties as the master shall see fit, and that he settles the interrogatories. So Lord *Hardwicke,* in *Cowslade* v. *Cornish,* (2 *Vesey,* 270.) admitted it to be a general direction in a decree, to examine the parties on interrogatories before the master, as he shall direct, and he said the party might be interrogated, *toties quoties.* The *same order was made by him in *Kirkpatrick* v. *Love,* (*Amb.* 589.) and by Lord Chancellor *Talbot,* in *Piddock* v. *Brown,* (3 *P. Wms.* 288. Probably, not a volume of reports can be opened, without meeting with instances of the practice. (*Bromly* v. *Child, Dickens,* 128. *Cornish* v. *Acton, Dickens,* 149.)

The practice, itself, is, according to the constitution of

[*516]

398

the Court, which appeals to the conscience of the party. A right to discovery, by the party's own oath, is one of the original and most essential heads of equity jurisdiction. The objection to the order in this case, if of any force, can be so only because the order grants other or further relief than that prescribed by the Court of Errors, or because the order carries the examination of the party to points or cases not within the practice of the Court.

I cannot find, in the decree of the Court of Errors, any direction on this point. The Court ordered a reference to a master on various points involved in the case ; and it undoubtedly intended that the reference should be conducted according to the usual course. It pointed out the subjects of inquiry and reference, and not the details and nature of the proof. The Court of Chancery was left to its usual discretion, on the mode of conducting the reference. Indeed, the parties and the master are directed, by the Court of Appeals, to apply, from time to time, to the chancellor for his directions.

Nor do I perceive that the order carries the examination of the party to any unusual or unreasonable extent. The order is general in its terms, as such orders usually are ; and it is for the party to object, when any question is put that would lead to a violation of the restrictions that are properly imposed on such examinations. The cases that were cited, in which it is laid down that a party in interest cannot be examined as a witness, apply only to examinations in chief, before hearing. Not one of them relates to references before a master. Every defendant, notwithstanding *his interest, is bound to answer, in the first instance, under oath, to the charges in the bill ; and having thus answered, as a party, it is said, that he should not be examined in chief, in the character of a mere *witness*. But when a reference is ordered upon hearing, then the inquiry becomes necessarily minute, and a new and more detailed investigation is opened, to which the general inquiries in the bill were not adapted. Here the same policy and principles of the Court, which required an answer to the bill, apply, and call again upon the conscience of the party *as party*, for a further disclosure adapted to the *minutiæ* of the inquiry. The same reasons which required an answer, in the first instance, require an examination in the second ; and when the party against whom these inquiries are directed, is charged, not on his own account, but as *trustee*, the reason, fitness, and necessity of the disclosure, strike the mind with peculiar force.

[ * 517 ]

It does not appear to me that there is any ground, either

on principle or authority, for a distinction arising out of the subject matter of the reference, in respect to the examination of the party. The reference, in every branch of it, under the decree in this case, is to ascertain *facts;* and the party's disclosure, on oath, is just as reasonable and as necessary, in one case, as the other. The bill could not have been framed and adapted to meet the fulness and minuteness of the inquiries under the reference; and it is the fundamental doctrine of this Court, that the party is bound to answer on oath, to *every fact* material to the right of the plaintiff. The disclosure must be made, either by the answer to the bill, or by examination before the master. In one way or the other, the truth is to be sifted out, and the conscience of a defendant probed to its deepest recesses.

The usual subject of a reference, is the taking and stating an account; but I apprehend there is no case which confines the exercise of the power of the Court, as to the examination *of parties to that kind of reference; and the reason of the rule, and, no doubt, the practice, applies to references in general.

In *Smith* v. *Turner*, (3 *P. Wms.* 412.) the defendant was examined on oath, on interrogatories, after hearing, touching a deed supposed to be in his custody. So in *Gower* and *Baltinglass*, (1 *Ch. Cas.* 66.) the defendant, after several answers, was examined on interrogatories, respecting a trunk of papers in her possession. The like order was made in *Suffolk* v. *Greenville* (3 *Ch. Rep.* 50.) The books are full of orders of this kind, applicable to all kinds of inquiry, as well as to matters of account. (*Cary's Rep.* 45. *Tothill*, 134. 148, 149.) In *Parkhurst* v. *Lowton*, (1 *Merivale's Rep.* 395.) an order was made, after answer, that the defendant, who was an executor, produce on oath, and leave with his clerk in Court, all deeds, books, writings, &c. mentioned in the schedule to the answer; and in *Fenwick* v. *Reed*, (1 *Merivale*, 119. 126. and *Appendix*, p. 723.) a similar order was made upon a defendant, after answer, and it extended to all papers relative to the transactions, &c. The rules of Lord *Bacon* (No. 70.) also provided, that a defendant might be examined on interrogatories, in very special cases, to sift out some fraud or practice.

The case of a trustee, called to account by the heir of the *cestui que trust*, is one of the strongest that can be imagined, to illustrate the necessity of such a jurisdiction, and the wisdom of the rule. The rights of such a *cestui que trust* can only be duly ascertained, by a full and frank disclosure of every fact, and of every paper or document resting in the knowledge or power of the trustee, and called for by the

general terms of the bill, or, more particularly and specially, by the nature of the inquiries which are directed before the master. A reference in such cases, under the usual order, has the effect of a supplemental bill of discovery ; and I am persuaded that I shall be pursuing *the spirit and intention of the decree of the Court of Appeals, as well as acting in conformity with the known equity and principles of this Court, if I require every material disclosure, not implicating the party in pains and penalties, which it is in the power of the party to make.

The motion in the present case is not against any particular interrogatory, or examination, under the general order of the Court, but it is against the order itself. The motion is, consequently, denied.